UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN DANICH,

                Plaintiff,

v.

NAPHCARE INC., *et al.*,

                Defendants.

_____/

Case No. 25-10731

Judith E. Levy
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

### ORDER ON PLAINTIFF'S COUNSEL'S MOTION TO SUBSTITUTE (ECF No. 19)

On September 20, 2025, Plaintiff Steven R. Danich passed away due to complications that allegedly were caused by inadequate medical treatment Plaintiff received while incarcerated. On October 6, 2025, Plaintiff's Counsel filed the pending *Motion to Allow Substitution of Party Due to Death of Plaintiff* (ECF No. 19), seeking (1) to substitute the personal representative of the Estate of Steven R. Danich as plaintiff; (2) amend the complaint to add a claim for wrongful death; and (3) to extend time to serve the unserved Defendants.

Rule 25 of the Federal Rules of Civil Procedure sets forth the procedure for the substitution of a new party upon the death of an existing party, which provides in relevant part:

a) **Death.**

(1) Substitution if the Claim Is Not Extinguished.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
[. . .]

(3) Service.  A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner.  Service may be made in any judicial district.

Fed. R. Civ. P. 25.  "'The language of Rule 25 is permissive and the decision to substitute a party lies within the sound discretion of the Court.'" *Albury v. Strategic Staffing Sols.*, No. 2:24-CV-13263, 2025 WL 2552164, at *2 (E.D. Mich. Sept. 4, 2025) (quoting *Watts v. Novartis Pharms. Corp.*, No. 5:08-cv-02354, 2015 WL 1456647, *4 (N.D. Ohio Mar. 30, 2015)) (citations omitted).

Plaintiff's counsel's motion has failed to comply with Federal Rule of Civil Procedure 25 and Local Rule 15.1.  First, the motion to substitute may not be proper because it does not appear from the record that Defendants had been served with a notice of death as required under Federal Rule of Civil Procedure 25(a)(1). *Chamblis v. Comm'r of Soc. Sec.*, No. 1:20-CV-12984, 2022 WL 3648170, at *1 (E.D. Mich. Aug. 24, 2022) (finding that the motion to substitute was not proper because the defendant had not been served with a notice of death as required under

Federal Rule of Civil Procedure 25(a)(1)); *Lawson v. Cnty. of Wayne*, No. 11-11163, 2012 WL 5258216, at *2 (E.D. Mich. Oct. 23, 2012) ("The objective of the suggestion of death set forth in Rule 25(a) (1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim.") (citations omitted).

Next, the motion also failed to comply with Rule 25(a) because they did not identify or serve the successor or representative of the deceased.  Plaintiff's counsel seeks to substitute the personal representative of the Estate of Steven R. Danich as plaintiff here but does not identify who the personal representative is. *See Pritchard v. Hamilton Twp. Bd. of Trs.*, No. 1:08-CV-239, 2011 WL 13202903, at *1 (S.D. Ohio Nov. 15, 2011) (citing *Wilcox v. Ohio Penal Indus.*, No. 1:07-cv-554, 2009 WL 4730223, at *2 (S.D. Ohio Dec. 4, 2009) ("The law is well settled that the [s]uggestion of [d]eath must identify the successor or representative of the deceased.")) (citation omitted).  Similarly, Plaintiff's counsel certified that he electronically filed the motion "which will send service notification on counsel of record and any unrepresented parties."  (ECF 19, PageID.292).  This is improper because the motion was not served on the decedent's successor or representative or other interested nonparties.  *See Reilly v. Donnellon*, No. 19-11249, 2021 WL 2187151, at *2 (E.D. Mich. May 28, 2021)

3

(holding that a "motion for substitution must be served on the parties, as well as the decedent's successor or representative.") (citing Fed. R. Civ. P. 25(a)(3)).

The motion is also deficient because "[s]uch a motion must be filed by a party or the successors or representatives of the decedent, not an attorney for a party acting on his own. *United States v. Currency $11,331*, 482 F. Supp. 2d 873, 885–86 (E.D. Mich. 2007) (citing *Al–Jundi v. Rockefeller,* 88 F.R.D. 244, 246 (W.D.N.Y. 1980) (interpreting Rule 25 "as allowing a motion to substitute to be made either by the estate of the deceased party (presumably acting through counsel for the estate) or by any other party, but not by the deceased party herself or himself (acting through counsel)")).  Here, Plaintiff's counsel filed the motion to substitute on behalf of the deceased Plaintiff, "through the undersigned counsel." (ECF No. 19, PageID.289).

Finally, Plaintiff's counsel seeks to amend the complaint to add a claim for wrongful death.  Plaintiff's counsel's motion fails to comply with Local Rule 15.1. Local Rule 15.1 provides:

> A party who moves to amend a pleading shall attach the proposed amended pleading to the motion.  Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.  Failure to comply with this Rule is not grounds for denial of the motion.

LR 15.1.  Here, the movant did not attach the proposed amended complaint to the motion.[1]

Accordingly, it is **ORDERED** that Plaintiff's counsel's *Motion to Allow Substitution of Party Due to Death of Plaintiff* (ECF No. 19) is **DENIED** with leave to refile.  If Plaintiff's estate intends to pursue these claims further, then the Court **DIRECTS** counsel for the Plaintiff to make appropriate arrangements and proceed with a proper notice of death and motion for substitution that complies with Federal Rule of Civil Procedure 25 and this Order **on or before February 16, 2026**, and to file a proper motion to amend the complaint **within seven (7) days of the resolution of the motion to substitute**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as

---

[1] The Court further notes that there is a pending Report and Recommendation (ECF No. 16) in this case, in which the undersigned recommended that Defendants' motions to dismiss be granted due to several pleading deficiencies in the operative Complaint.  Accordingly, it may be prudent upon Plaintiff's counsel to review the pending Report and Recommendation in drafting the proposed amended complaint.  A motion for leave to amend a pleading "may be denied when the motion is the product of undue delay, bad faith, or dilatory motive, amendment would cause undue prejudice to the opposing party, the plaintiff repeatedly failed to cure deficiencies in the complaint with previous amendments, or amendment of the complaint would be futile." *Springs v. U.S. Dep't of Treasury*, 567 F. App'x 438, 443 (6th Cir. 2014) (citing *Riverview Health Inst. LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)).  "'A proposed amendment is futile if the amendment could not withstand a [Fed. R. Civ. P.] 12(b)(6) motion to dismiss.'" *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)).

error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: February 9, 2026                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on February 9, 2026.

                                          s/Sara Krause
                                          Case Manager
                                          (810) 341-7850