UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Justin Martin Robert Danich,
Personal Representative of the
Estate of Steven R. Danich,                Case No. 25-cv-10731

                            Plaintiff,     Judith E. Levy
                                           United States District Judge
v.
                                           Mag. Judge Curtis Ivy, Jr.
NaphCare Inc., *et al.*,

                            Defendants.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS [17] AND ADOPTING IN PART THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[16]**

On September 24, 2025, Magistrate Judge Curtis Ivy, Jr. issued a

Report and Recommendation ("R&R") (ECF No. 16) recommending the

Court grant two motions to dismiss in this case brought under 42 U.S.C.

§ 1983 and removed from state court: (1) a motion to dismiss filed by

Defendant NaphCare Inc. (ECF No. 3) and (2) a motion to dismiss filed

by Defendants Wayne County, Wayne County Sheriff Raphael

Washington, and Wayne County Executor Warren Evans. (ECF No. 11.)

Former Plaintiff Steven Danich filed three objections to the R&R on October 6, 2025. (ECF No. 17.) The Defendants identified above—NaphCare Inc., Wayne County, Washington, and Evans—responded. (ECF Nos. 21, 22.) On February 17, 2026, Magistrate Judge Ivy issued an order substituting Justin Martin Robert Danich, Personal Representative of the Estate of Steven R. Danich, as the Plaintiff due to Steven Danich's death. (ECF No. 26.) *See Hatfield v. City of Taylor*, No. 23-CV-10453, 2026 WL 184255, at *1 (E.D. Mich. Jan. 23, 2026) (indicating that "[t]he question of whether a federal civil rights claim survives a plaintiff's death is a question of state law" and that "[u]nder Michigan law, '[a]ll actions and claims survive death' of the injured person during the pendency of the action" (citing *Crabbs v. Scott*, 880 F.3d 292, 294 (6th Cir. 2018); quoting Mich. Comp. Laws § 600.2921)); *Atkins v. Menard, Inc.*, No. 23-12187, 2025 WL 3910146, at *1 (E.D. Mich. Jan. 23, 2025) ("Under Michigan law, all actions and claims survive death." (citing Mich. Comp. Laws § 600.2921)). For the reasons set forth below, the objections (ECF No. 17) are OVERRULED, the R&R (ECF No. 16) is ADOPTED IN PART, and the motions to dismiss (ECF Nos. 3, 11) are GRANTED.

## I.    Background

The background set forth in the R&R is fully adopted as though set forth in this Opinion and Order. (*See* ECF No. 16, PageID.253–257.)

## II.   Legal Standard

A party may object to a magistrate judge's report and recommendation, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

3

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

## III.  Analysis

As noted, the R&R (ECF No. 16) recommends that the Court grant the motion to dismiss filed by NaphCare Inc. (ECF No. 3) as well as the motion to dismiss filed by Wayne County, Washington, and Evans. (ECF No. 11.) Plaintiff presents three objections to the R&R. (ECF No. 17.) The Court addresses each objection below. The Court finds that the objections fail.

### A. Objection 1

Plaintiff's Objection 1 is improper because it either restates arguments presented to Magistrate Judge Ivy or makes new arguments that Magistrate Judge Ivy did not have an opportunity to consider. In

4

the objection, Plaintiff first "asserts that he has adequately stated a claim for deliberate indifference to serious medical needs." (*Id.* at PageID.272.) He argues that "[t]he medical staff had actual knowledge of Plaintiff's diabetes and the proper insulin treatment protocol, yet deliberately refused to administer medication at the required times and frequencies." (*Id.*) This portion of the objection improperly repeats information that was before Magistrate Judge Ivy. *See Coleman-Bey*, 287 F. App'x at 422. (*See* ECF No. 12, PageID.128 ("The medical staff had knowledge of the proper treatment, but refused to act.").)

In the second part of the objection, Plaintiff argues that "the continuing violation doctrine can apply to Eighth Amendment claims of medical indifference brought under 42 U.S.C. § 1983 when Plaintiff shows an ongoing policy of deliberate indifference to serious medical needs and some acts in furtherance of that policy within the relevant statute of limitations period." (ECF No. 17, PageID.273.) This part of the objection is improper to the extent it raises a new argument or issue that was not presented to Magistrate Judge Ivy. "Parties cannot 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final R&R." *Meddaugh v.*

5

*Gateway Fin. Serv.*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *see Little v. Williams*, No. 22-12222, 2025 WL 2544002, at *6 (E.D. Mich. Sept. 4, 2025) ("The general rule is that district judges will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation." (collecting cases)); *Daniel v. Fighter-Daniel*, No. 24-cv-11218, 2025 WL 1879874, at *2 (E.D. Mich. July 8, 2025) ("Because these matters were never presented before the magistrate judge, they are not considered here." (internal citation omitted)).

Objection 1 is also improper for another reason: because it does not point to a specific portion of the R&R that is being challenged. *See Pearce*, 893 F.3d at 346; E.D. Mich. LR 72.1(d)(1).

Even if the objection did not have the deficiencies identified above, the objection does not demonstrate that the R&R is flawed or contains an error.

Accordingly, Objection 1 is overruled.

6

**B. Objection 2**

Plaintiff's Objection 2 takes issue with the R&R because the R&R asserts—in Plaintiff's words—"that Wayne County Adult Detention Facility and Wayne County Sheriff's Office are unserved defendants. The [R&R] further acknowledged that counsel for these defendants waived 'proper service'." (ECF No. 17, PageID.273.) Plaintiff argues that "all Defendants were properly served, including Wayne County Adult Detention Facility and Wayne County Sheriff's Office." (*Id.*) He argues that "the Wayne County defendants acknowledged that 'the service issue has been waived' through discussions between counsel" and that those Defendants "cannot now claim improper service." (*Id.* at PageID.274.) Plaintiff also states:

> The Wayne County Adult Detention Facility and Wayne County Sheriff's Department are not separate legal entities but are agencies of Wayne County. Wayne County is the proper defendant in § 1983 claims, and agencies of the county are not separate defendants. *Thomas v. Cty. of San Bernardino*, 2019 U.S. Dist. LEXIS 128114. The court should dismiss these entities as defendants and proceed against Wayne County as the real party in interest.

(*Id.*)

7

Plaintiff does not cite to the portion of the R&R at issue in the objection. *See Pearce*, 893 F.3d at 346; E.D. Mich. LR 72.1(d)(1). The Court believes that the objection relates to the following language in the R&R that provides background information on the case: "The Wayne County Adult Detention Facility and Wayne County Sheriff's [Department] are unserved defendants. The Wayne County Defendants said they were not properly served with the summons and complaint but have apparently waived proper service. (ECF No. 11, PageID.105)." (ECF No. 17, PageID.273.)

Objection 2 does not provide a reason for the Court to not adopt the R&R. The objection relates to background information in the R&R that does not impact the R&R's findings and recommendations. In addition, the information presented in the R&R seems consistent with the information that appears on the docket and in ECF No. 11, which is the motion to dismiss filed by Wayne County, Washington, and Evans. (*See* ECF No. 11, PageID.105 ("The County defendants were not properly served with the summons and complaint.").) Plaintiff may have served the Wayne County Adult Detention Facility and Wayne County Sheriff's Department; however, the docket does not reflect that they

8

have been served or that an attorney has filed an appearance on their behalf.

Accordingly, Objection 2 is overruled.

The Court notes that Magistrate Judge Ivy issued a show cause order directed at Plaintiff that raised both the issue of (1) whether the Wayne County Adult Detention Facility and Wayne County Sheriff's Department were served and (2) whether they are "appropriate defendants." (ECF No. 15.) Plaintiff responded to the show cause order. (ECF No. 18.) As noted above, Plaintiff states in Objection 2 that "[t]he court should dismiss [the Wayne County Adult Detention Facility and Wayne County Sheriff's Department] as defendants and proceed against Wayne County as the real party in interest," given that "Wayne County is the proper defendant in § 1983 claims, and agencies of the county [such as the Wayne County Adult Detention Facility and Wayne County Sheriff's Department] are not separate defendants." (ECF No. 17, PageID.274.) The Court agrees with Plaintiff that the Wayne County Adult Detention Facility and Wayne County Sheriff's Department are not proper Defendants. *See Sychantha v. Livingston Cnty. Jail*, No. 24-cv-13043, 2025 WL 495549, at *2 (E.D. Mich. Feb. 13, 2025) ("It is well-

settled that county jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under § 1983." (collecting cases)); *Woodford v. Genesee Cnty. Jail*, No. 23-13107, 2024 WL 4599333, at *2 (E.D. Mich. Sept. 25, 2024) ("It is well-settled that county jails are not legal entities amenable to suit under 42 U.S.C. § 1983." (collecting cases)), *report and recommendation adopted*, No. 23-13107, 2024 WL 4595121 (E.D. Mich. Oct. 28, 2024); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit." (internal citation omitted)). Therefore, Plaintiff's claims against the Wayne County Adult Detention Facility and Wayne County Sheriff's Department are dismissed. *See Jubenville v. Genesee Cnty. Jail*, No. 2:24-cv-10371, 2024 WL 3628070, at *2 (E.D. Mich. June 21, 2024) (finding that the plaintiff "has not stated a viable claim against" a county jail because "[i]t is well settled that county jails and sheriff's departments in Michigan are not legal entities amenable to suit under Section 1983"), *report and recommendation adopted*, No. 24-10371, 2024 WL 3625167 (E.D. Mich. July 31, 2024); *Campbell v. Forlini*, No. 24-cv-13264, 2025 WL 1223535, at *2 (E.D. Mich. Apr. 28, 2025) (concluding that the plaintiff's claims

against a sheriff's department "must be dismissed because th[at] entit[y is] not subject to suit under Section 1983").

### C. Objection 3

In Objection 3, Plaintiff indicates that he "disagrees" with the R&R's "state[ment] . . . that Plaintiff filed a group pleading against the Defendants without specific claims made against a particular defendant and that Plaintiff's allegations were insufficient to establish municipal liability" as to Wayne County. (ECF No. 17, PageID.275.) Plaintiff asserts in the objection that

> Wayne County entered into a settlement agreement with the United States Attorney General's Office specifically addressing inadequate medical care and medication distribution to inmates. This agreement demonstrates that Wayne County had actual knowledge of systemic constitutional violations in its jail medical care. The fact that these violations continued despite the settlement agreement establishes a pattern of deliberate indifference rising to the level of municipal policy or custom.

(*Id.*)

Objection 3 is improper. It disagrees with the general correctness of the R&R, *see Miller*, 50 F.3d at 380, and it repeats arguments that were made to Magistrate Judge Ivy, *Coleman-Bey*, 287 F. App'x at 422. (*See* ECF No. 14, PageID.216–218, 232–234, 238, 240.) The objection

does not demonstrate that the R&R contains a mistake and should therefore not be adopted.

Accordingly, Objection 3 is overruled.

### a. Objection 3(a)

In Objection 3(a), Plaintiff takes issue with "Wayne County's refusal to comply with Plaintiff's [pre-lawsuit] Freedom of Information Act (FOIA) requests, including redacting all personal names and providing incomplete records." (ECF No. 17, PageID.275.) Plaintiff argues that this conduct "demonstrates bad faith and supports the need for full discovery rather than dismissal." (*Id.* at PageID.275–276.) Wayne County, Washington, and Evans argue that "the Sheriff's Department was not required to produce any responsive documents to Plaintiff's Counsel['s] FOIA request." (ECF No. 22, PageID.309.)

Objection 3(a) does not indicate what portion of the R&R it is challenging, *see Pearce*, 893 F.3d at 346; E.D. Mich. LR 72.1(d)(1), and it does not identify an error in the R&R. The objection raises issues that are not addressed in the R&R. The issues are therefore not properly before the Court at this time.

Accordingly, Objection 3(a) is overruled.

12

### b. Objection 3(b)

Objection 3(b) states in full:

**b) Qualified Immunity Does Not Apply**

The Eighth Amendment's prohibition on deliberate indifference to serious medical needs was clearly established at the time of Plaintiff's incarceration. In prisoner actions alleging deliberate indifference to serious medical conditions, district courts properly deny officials' assertions of qualified immunity because the framework for analyzing such claims was clearly established law. USCS Const. Amend. 14.

(ECF No. 17, PageID.276 (emphasis in original).)

This objection is improper. The objection makes vague arguments and does not discuss the R&R. *See Miller*, 50 F.3d at 380. The objection does not "specify the part of the [R&R] to which [Plaintiff] objects." *Pearce*, 893 F.3d at 346; E.D. Mich. LR 72.1(d)(1). It does not provide a basis for the Court to reject the R&R.

Accordingly, Objection 3(b) is overruled.

## IV.   Conclusion

For the reasons set forth above, Plaintiff's objections (ECF No. 17) are OVERRULED. The R&R (ECF No. 16) is ADOPTED IN PART as discussed below. The motion to dismiss filed by NaphCare Inc. (ECF

13

No. 3) and the motion to dismiss filed by Wayne County, Washington, and Evans (ECF No. 11) are GRANTED.

The R&R states that if it is adopted, "then all the federal claims will be dismissed leaving Plaintiff's claims under Michigan law." (ECF No. 16, PageID.267.) The R&R "recommends that the Court decline to accept supplemental jurisdiction over the state-law claims and instead dismiss those without prejudice." (*Id.* at PageID.267–268.) No party objects to this portion of the R&R. The Court adopts the R&R except for its recommendation that the Court dismiss the state-law claims without prejudice.[1] The Court dismisses Plaintiff's federal claims (Counts I, II,

---

[1] The R&R states:

> Because Plaintiff did not allege Washington's or Evans's personal involvement in a constitutional violation, the federal claims against them in their individual capacities, if Plaintiff indeed intended an individual capacity claim, should be dismissed. Given this conclusion, the undersigned will address Defendants' assertion of qualified immunity lodged on the same ground, that is, the lack of personal involvement.

(ECF No. 16, PageID.267.) This Court believes that the word "not" was inadvertently omitted from the second sentence quoted above and that Magistrate Judge Ivy intended that the R&R indicate instead that "the undersigned will [not] address Defendants' assertion of qualified immunity lodged on the same ground, that is, the lack of personal involvement." (*Id.*)

14

IV,[2] and X[3]) and remands to Wayne County Circuit Court Plaintiff's state-law claims (Counts III,[4] V,[5] VI,[6] VII, VIII, IX, and X[7]), given that the Court declines to accept supplemental jurisdiction over the state-law claims in this removed case. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996); citing 28 U.S.C. § 1367(c)(3))); *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th

---

[2] Count IV is incorrectly identified as Count III in the complaint. (ECF No. 1-1, PageID.18.)

[3] Count X is incorrectly identified as Count XII in the complaint. (ECF No. 1-1, PageID.29.)

[4] Count III is incorrectly identified as Count II in the complaint. (ECF No. 1-1, PageID.18.)

[5] Count V is incorrectly identified as Count IV in the complaint. (ECF No. 1-1, PageID.20.)

[6] Count VI is incorrectly identified as Count V in the complaint. (ECF No. 1-1, PageID.20.)

[7] Count X is incorrectly identified as Count XII in the complaint. (ECF No. 1-1, PageID.29.)

Cir. 2007) ("In cases that have been removed to federal court, . . . we have recognized that 'when all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed.' *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004). Because the district court should have remanded [the plaintiff's] state law claims, rather than dismissing them, we vacate the dismissal of her state law claims so that those claims may be remanded to the state court from whence they came . . . .").

IT IS SO ORDERED.

Dated: March 30, 2026                   s/Judith E. Levy
        Ann Arbor, Michigan            JUDITH E. LEVY
                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2026.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager